1  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   jwakefield@fenwick.com
2  FENWICK & WEST LLP
   555 California Street, 12th Floor
3  San Francisco, CA  94104
   Telephone:     415.875.2300
4  Facsimile:     415.281.1350

5  ERIC BALL (CSB No. 241327)
   eball@fenwick.com
6  FENWICK & WEST LLP
   Silicon Valley Center
7  801 California Street
   Mountain View, CA  94041
8  Telephone:     650.988.8500
   Facsimile:     650.938.5200

9
   Attorneys for Plaintiff
10  HELLO NETWORK, INC.

11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  HELLO NETWORK, INC.,                    Case No.: _____

16                  Plaintiff,              **PLAINTIFF HELLO NETWORK,
                                            INC.'S COMPLAINT FOR
17           v.                             DECLARATORY JUDGMENT**

18  (1) HELLO and HOLA MEDIA, INC.;         **DEMAND FOR JURY TRIAL**
    (2) HOLA S.L., and
19  (3) HELLO LIMITED

20
                    Defendants.
21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF HELLO NETWORK, INC.'S                                      CASE NO.: _____
COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hello Network, Inc. ("Hello Network"), for its complaint against Defendants Hello and Hola Media, Inc., Hola S.L., and Hello Limited (collectively "Hello Magazine"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment.  By this action, Hello Network seeks to resolve a controversy with Hello Magazine, and to eliminate any doubt that Hello Network's HELLO name and trademark, used in connection with Hello Network's social networking products and services, do not infringe, dilute or unfairly compete with any trademark rights purportedly owned by Hello Magazine.

## THE PARTIES

2.      Hello Network is a Delaware corporation with its principal place of business in San Francisco, California.

3.      Hello Network believes and therefore alleges that Hello and Hola Media, Inc. is a New York corporation with its principal place of business in New York, New York.  Hello and Hola Media, Inc. purportedly owns and has applied to register U.S. trademarks for HELLO! and HOLA! Logos, and has asserted those purported trademarks against Hello Network in the United States

4.      Hello Network believes and therefore alleges that Hola S.L. is a Spanish corporation with its principal place of business in Madrid, Spain.  Hola S.L. purportedly owns and has applied to register U.S. trademarks for HELLO! and HOLA! logos and has asserted those purported trademarks against Hello Network in the United States.

5.      Hello Network believes and therefore alleges that Hello Limited is a United Kingdom company with its principal place of business in London, England.  Hello Limited purportedly owns and has applied to register U.S. trademarks for HELLO! and HOLA! logos and has asserted those purported trademarks against Hello Network in the United States.

## JURISDICTION AND VENUE

6.      Hello Network brings this action pursuant to 15 U.S.C. §§ 1051, *et seq*. (the Lanham Act) including § 1121.  The Court has subject-matter jurisdiction over this action under

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original jurisdiction of trademark claims),

2  and 28 U.S.C. § 2201 (the Declaratory Judgment Act).

3      7.     The Court has personal jurisdiction and venue is proper in this judicial district

4  pursuant to 28 U.S.C. § 1391 because: (i) a substantial portion of the events giving rise to this

5  action occurred in this judicial district; and/or (ii) each of the Defendants claims to have

6  trademark rights in the U.S. relating to the HELLO! and HOLA! logos and has asserted those

7  purported rights against Hello Network in this judicial district.

8  <center>**INTRADISTRICT ASSIGNMENT**</center>

9      8.     Because this is an intellectual property case, it is subject to assignment to any

10  division pursuant to Civil Local Rule 3-2(c).

11  <center>**THE PARTIES' USE AND REGISTRATION OF THEIR RESPECTIVE MARKS**</center>

12      9.     Hello Network provides a new type of mobile application for community building.

13  Hello Network was founded by well-known social scientist Orkut Buyukkokten and developed by

14  a small group of engineers who left Google with Mr. Buyukkokten to build Hello Network.  Hello

15  Network uses its HELLO trademark and HELLO NETWORK trade name in connection with its

16  community building products and services, including its mobile application.

17      10.    Hello Network believes and therefore alleges that Hello Magazine offers a

18  magazine focused on celebrities and popular culture.  Hello Magazine purports to own HELLO!

19  and HOLA! trademark registrations, applications and common law rights for stylized HELLO!

20  and HOLA! logos for social networking related products and services.  Hello Network believes

21  and therefore alleges that Hello Magazine has not used its marks in connection with social

22  networking services or a social networking app.

23      11.    Hello Magazine does not own the exclusive right to use the "HELLO" name or

24  mark.  Nor does Hello Magazine have any trademark rights for logos that are dissimilar to its

25  purported HELLO! and HOLA! logos.

26      12.    A search of the U.S. Patent and Trademark Office records and the Internet for the

27  mark HELLO shows hundreds of other HELLO marks used with a variety of products and

28  services, including social networking and software technology.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## HELLO MAGAZINE'S CLAIMS OF INFRINGEMENT

13.     Each of the Hello Magazine Defendants has asserted that Hello Network's use of its HELLO mark in connection with social networking infringes Hello Magazine's purported rights in the stylized HELLO! and HOLA! logos, and has demanded that Hello Network stop any use of the HELLO mark.

14.     On October 29, 2014, December 29 and 30, 2014, March 3, 2015, and June 22, 2015, Hello Magazine sent Hello Network letters claiming that Hello Network's HELLO mark is confusingly similar in sound, meaning, appearance, and commercial impression to Hello Magazine's HELLO! and HOLA! mark.

15.     Hello Magazine further claims that Hello Network's HELLO mark is likely to cause confusion or cause mistake or to deceive the purchasing public into mistakenly believing that Hello Network's products and services offered under HELLO mark come from, or are otherwise associated with Hello Magazine, or that Hello Network's products and services are endorsed, sponsored, or in some way connected with Hello Magazine.

16.     Hello Magazine claims that Hello Network's HELLO mark dilutes the distinctiveness of Hello Magazine's HELLO! and HOLA! marks and unfairly compete with Hello Magazine.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

17.     Hello Network incorporates by reference the previous allegations of this complaint.

18.     Hello Magazine has claimed that Hello Network infringes the HELLO! and HOLA! Trademarks and has demanded that Hello Network cease us of its HELLO NETWORK name and mark.  Because of Hello Magazine's actions, there is substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19.     Hello Network's use of its HELLO name and trademark for Hello Network's social networking mobile application does not overlap with Hello Magazine's purported use of the HELLO! and HOLA! marks for Hello Magazine's magazine-related products and services.

20.     There is no likelihood that any relevant consumers would be confused, mistaken, or deceived into believing that Hello Network is affiliated, connected, or otherwise associated with Hello Magazine, or that Hello Magazine is sponsoring or has otherwise approved of Hello Network's products and services as a result of Hello Network's HELLO name and trademark.

21.     The weakness of Hello Magazine's mark, the differences between the parties' trademarks, and the differences between the parties' respective products and services all prevent any likelihood of confusion.

22.     The parties sell their respective goods and services in different commercial markets and in different channels of trade.  Hello Network believes and therefore alleges that customers are not likely to encounter the parties' respective products and services in proximity to each other, further preventing any likelihood of confusion.

23.     Hello Magazine has no evidence of actual confusion caused by Hello Network's trademark or trade name.

24.     Hello Network therefore requests that the Court declare that Hello Network neither infringes any of Hello Magazine's purported trademark rights nor violates 15 U.S.C. § 1114 or the common law.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Dilution)

25.     Hello Network incorporates by reference the previous allegations of this complaint.

26.     Hello Magazine has claimed that Hello Network's use of its HELLO name and trademark dilutes the distinctiveness of the HELLO! and HOLA! trademarks.  Because of Hello Magazine's actions, there is substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.     Hello Network believes and therefore alleges that the HELLO! and HOLA! marks are not, and have never been famous in the United States.

28.     There is no likelihood that Hello Network's name or trademark would cause any dilution of the distinctiveness of Hello Magazine's HELLO! and HOLA! marks.  The HELLO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

name and trademark do not blur or disparage Hello Magazine's purported HELLO! and HOLA! marks.

29.     Hello Magazine has no evidence of actual dilution caused by Hello Network's name or trademark.

30.     Hello Network therefore requests that the Court declare that Hello Network's name or trademark do not dilute any of Hello Magazine's trademarks, violate 15 U.S.C. § 1125(c) or California Business and Professions Code § 14247.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of No Unfair Competition/False Designation of Origin)

31.     Hello Network incorporates by reference the previous allegations of this complaint.

32.     Hello Magazine has claimed that Hello Network's use of the HELLO name and trademark constitutes unfair competition.  Because of Hello Magazine's actions, there is substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33.     Hello Network's use of its HELLO name and trademark for Hello Network's products and services does not constitute unfair competition, including a false designation of origin within the meaning of 15 U.S.C. § 1125(a), unfair competition within the meaning of California Business and Professions Code § 17200, or California common law unfair competition.

34.     There is no likelihood that any relevant consumers would be confused, mistaken, or deceived into believing that Hello Network is affiliated, connected, or otherwise associated with Hello Magazine, or that Hello Magazine is sponsoring or has otherwise approved of Hello Network's products and services as a result of the HELLO trademark and trade name.

35.     Hello Magazine has no evidence of any actual confusion resulting from Hello Network's use of its name or trademark.

36.     Hello Network therefore requests that the Court declare that Hello Network's use of its HELLO trademark and trade name does not constitute unfair competition, including a false

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

designation of origin within the meaning of 15 U.S.C. § 1125(a), unfair competition within the meaning of California Business and Professions Code § 17200, or under California common law.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff Hello Network prays for judgment against Hello Magazine as follows:

A.  Declaring that Hello Network's use of its HELLO trade name and trademark does not infringe upon any trademark rights of Hello Magazine;

B.  Declaring that Hello Network's use of its HELLO name and trademark does not dilute any trademark of Hello Magazine;

C.  Declaring that Hello Network's use of its HELLO name and trademark does not constitute unfair competition or a false designation of origin.

D.  Declaring that Hello Network's use of its HELLO name and trademark does not violate 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), California Business and Professions Code § 172000, *et seq*. or the common law;

E.  An award by the Court to Hello Network of its costs in this case; and

F.  An award by the Court to Hello Network of any other relief that the Court considers just and proper.


Dated: August 21, 2015                    FENWICK & WEST LLP


                                          By   */s/ Jedediah Wakefield*_____
                                               Jedediah Wakefield

                                               Attorneys for Plaintiff
                                               HELLO NETWORK, INC.

1

## **DEMAND FOR JURY TRIAL**

2       Hello Network hereby demands trial by jury on all issues and claims so triable.

3

4   Dated: August 21, 2015                    FENWICK & WEST LLP

5

6                                             By: */s/ Jedediah Wakefield*
                                                  Jedediah Wakefield
7
                                                  Attorneys for Plaintiff
8                                                 HELLO NETWORK, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28