| | |
|---|---|
| JEDEDIAH WAKEFIELD (CSB No. 178058)<br>jwakefield@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA  94104<br>Telephone:     415.875.2300<br>Facsimile:      415.281.1350<br><br>SALLY ABEL (CSB No. 116623)<br>sabel@fenwick.com<br>ERIC BALL (CSB No. 241327)<br>eball@fenwick.com<br>SHANNON TURNER (admitted *pro hac vice*)<br>sturner@fenwick.com<br>FENWICK & WEST LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA  94041<br>Telephone:     650.988.8500<br>Facsimile:      650.938.5200<br><br>Attorneys for Plaintiff and Counter-Defendant,<br>HELLO NETWORK, INC. | OSTROLENK FABER LLP<br>Charles P. LaPolla (admitted *pro hac vice*)<br>clapolla@ostrolenk.com<br>Sean P. McMahon (admitted *pro hac vice*)<br>smcmahon@ostrolenk.com<br>1180 Avenue of the Americas<br>New York, NY 10036-8403<br>Telephone: 212. 382.0700<br>Facsimile: 212.382.0888<br><br>TUCKER ELLIS LLP<br>Brian K. Brookey (CSB No. 149522)<br>brian.brookey@tuckerellis.com<br>515 South Flower Street, Forty-Second Floor<br>Los Angeles, CA 90071-2223<br>Telephone: 213.430.3400<br>Facsimile: 213.430.3409<br><br>Corena G. Larimer (CSB No. 277188)<br>Corena.larimer@tuckerellis.com<br>One Market Plaza, Steuart Tower, Suite 700<br>San Francisco, CA 94105<br>Telephone: 415.617.2400<br>Facsimile: 415.617.2409<br><br>Attorneys for Defendants,<br>HELLO AND HOLA MEDIA,<br>INC., HOLA, S.L. and HELLO LIMITED/<br>Counterclaimant, HOLA, S.L. |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HELLO NETWORK, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>(1)   HELLO LIMITED;<br>(2)   HELLO and HOLA MEDIA, INC.; and<br>(3)   HOLA S.L.,<br><br>     Defendants. | Case No.: 15-cv-03838-JST<br><br>**[PROPOSED]** **STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record as well as their support staff.

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys (and their support staff) who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not

1  warranted are not swept unjustifiably within the ambit of this Order.

2  Mass, indiscriminate, or routinized designations are prohibited. Designations that are
3  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
4  unnecessarily encumber or retard the case development process or to impose unnecessary
5  expenses and burdens on other Parties) expose the Designating Party to sanctions.

6  If it comes to a Designating Party's attention that information or items that it designated
7  for protection do not qualify for protection at all or do not qualify for the level of protection
8  initially asserted, that Designating Party must promptly notify all other Parties that it is
9  withdrawing the mistaken designation.

10  5.2   Manner and Timing of Designations. Except as otherwise provided in this Order
11  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
12  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
13  designated before the material is disclosed or produced.

14  Designation in conformity with this Order requires:

15  (a)   for information in documentary form (e.g., paper or electronic
16  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the
17  Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
18  ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or
19  portions of the material on a page qualifies for protection, the Producing Party also must clearly
20  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must
21  specify, for each portion, the level of protection being asserted.

22  A Party or Non-Party that makes original documents or materials available for inspection
23  need not designate them for protection until after the inspecting Party has indicated which
24  material it would like copied and produced. During the inspection and before the designation, all
25  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
26  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
27  copied and produced, the Producing Party must determine which documents, or portions thereof,
28  qualify for protection under this Order. Then, before producing the specified documents, the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected
3  Material. If only a portion or portions of the material on a page qualifies for protection, the
4  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
5  markings in the margins) and must specify, for each portion, the level of protection being
6  asserted.

7          (b)    for testimony given in deposition or in other pretrial or trial
8  proceedings, that the Designating Party identify on the record, before the close of the deposition,
9  hearing, or other proceeding, all protected testimony and specify the level of protection being
10 asserted. When it is impractical to identify separately each portion of testimony that is entitled to
11 protection and it appears that substantial portions of the testimony may qualify for protection, the
12 Designating Party may invoke on the record (before the deposition, hearing, or other proceeding
13 is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to
14 which protection is sought and to specify the level of protection being asserted. Only those
15 portions of the testimony that are appropriately designated for protection within the 30 days shall
16 be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating
17 Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked,
18 that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
19 – ATTORNEYS' EYES ONLY."

20     Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or
21 other proceeding to include Protected Material so that the other Parties can ensure that only
22 authorized individuals and those who have signed the "Acknowledgment and Agreement to Be
23 Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a
24 deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY
25 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26     Transcripts containing Protected Material shall have an obvious legend on the title page
27 that the transcript contains Protected Material, and the title page shall be followed by a list of all
28 pages (including line numbers as appropriate) that have been designated as Protected Material and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to

1  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to
2  file a motion to retain confidentiality as described above, all Parties shall continue to afford the
3  material in question the level of protection to which it is entitled under the Producing Party's
4  designation until the court rules on the challenge.

5  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

6      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or
7  produced by another Party or by a Non-Party in connection with this case only for prosecuting,
8  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
9  the categories of persons and under the conditions described in this Order. When the litigation has
10 been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL
11 DISPOSITION).

12     Protected Material must be stored and maintained by a Receiving Party at a location and
13 in a secure manner that ensures that access is limited to the persons authorized under this Order.

14     7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered
15 by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any
16 information or item designated "CONFIDENTIAL" only to:

17         (a)    the Receiving Party's Outside Counsel of Record in this action, as
18 well as employees of said Outside Counsel of Record to whom it is reasonably necessary to
19 disclose the information for this litigation;

20         (b)    the officers, directors, and employees of the Receiving Party to
21 whom disclosure is reasonably necessary for this litigation;

22         (c)    the court and its personnel;

23         (d)    court reporters and their staff, ADR professionals and their staff,
24 professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably
25 necessary for this litigation;

26         (e)    Experts (as defined in this Order) of the Receiving Party to whom
27 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment
28 and Agreement to Be Bound" (Exhibit A);

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff, ADR professionals and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the

1  Non-Party that some or all of the information requested is subject to a confidentiality agreement
2  with a Non-Party;

3              2.    promptly provide the Non-Party with a copy of the
4  Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably
5  specific description of the information requested; and

6              3.    make the information requested available for inspection by
7  the Non-Party.

8       (c)   If the Non-Party fails to object or seek a protective order from this
9  court within 14 days of receiving the notice and accompanying information, the Receiving Party
10 may produce the Non-Party's confidential information responsive to the discovery request. If the
11 Non-Party timely seeks a protective order, the Receiving Party shall not produce any information
12 in its possession or control that is subject to the confidentiality agreement with the Non-Party
13 before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear
14 the burden and expense of seeking protection in this court of its Protected Material.

15 10.   EXPERT COMMUNICATIONS

16       A Party's Expert is not required to disclose or produce, and the Parties shall not conduct
17 discovery concerning or seek to introduce evidence of: (1) communications between the Parties'
18 Counsel and the Expert, or (2) drafts of Expert declarations or reports.

19 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
21 Material to any person or in any circumstance not authorized under this Stipulated Protective
22 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
23 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
24 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
25 made of all the terms of this Order, and (d) request such person or persons to execute the
26 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.
27 ///
28

### 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) except that after being notified of an inadvertently produced material, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. The Parties further agree that under FRE 502 if a Party inadvertently produces a document that otherwise is subject to a claim of privilege or other protection, the inadvertent production shall not constitute any waiver of privilege or protection. Finally, the Parties agree that neither Party must log or produce any privileged or work-product documents after the Defendant's October 29, 2014 letter.

### 13. PRODUCTION FORMAT

The Parties all agree to produce spreadsheets in native Excel format, with all original metadata intact. However, all other electronically stored information will be exchanged in either: (a) native format or (b) single-page image TIFF format, with OCR, and Concordance and Opticon load files. The Parties agree not to degrade the searchability of documents as part of the document production process. Notwithstanding the agreement to exchange in TIFF format, each Party reserves the right, as to a particular electronic file, to a set of electronic files and/or to another pertinent subset of discoverable information/data, to request that another Party produce that information in native format with all original metadata intact. If a request to produce additional metadata ensues and the producing Party objects to it, the Parties agree that any dispute will be resolved through the Court's discovery dispute process.

### 14. MISCELLANEOUS

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

14.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.4 <u>Use of a Party's Own Protected Material</u>. Nothing in this Stipulation and Protective Order restricts in any way a Party's use or disclosure of its own Protected Material.

14.5 <u>No Presumption As to Confidentiality</u>. The fact that information is marked with a confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary or a trade secret. The fact that any information is disclosed, used, or produced in any court proceeding in this action with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

14.6 <u>No Modification of Existing Rights</u>. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Protected Material.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  In addition, this provision does not require the Receiving Party to search through or delete automatically generated computer backup files that are created for disaster recovery purposes (e.g., computer backup tapes), if such files are not readily accessible.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:   February 22, 2016                FENWICK & WEST LLP

By: */s/ Eric Ball*
      Eric Ball

Attorneys for Plaintiff

Dated: February 22, 2016  OSTROLENK FABER LLP

By: */s/ Sean P. McMahon*
 Sean P. McMahon

Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: February 22, 2016

The Honorable
 United States District Judge



IT IS SO ORDERED
Judge Jon S. Tigar

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Hello Network, Inc. v. Hello Limited; Hello and Hola Media, Inc.; and Hola S.L., Case No. 15-cv-03838-JST. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]